# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| RICHARD RIDINGS and SHARON RIDINGS,<br>*Plaintiffs*<br><br>v.<br><br>ASPEN CONTRACTING, INC.,<br>*Defendant/Third-Party Plaintiff*<br><br>v.<br><br>JUAN RODRIGUEZ a/k/a JUAN FERNANDO RODRIQUEZ PALOS d/b/a RODRIGUEZ ROOFING, GERARDO MORALES d/b/a MORALES ROOFING and CABRERAS ROOFING, and AKA CRAFTSMAN & TRADESMAN, LLC<br>*Third-Party Defendants* | §§§§§§§§§§§§§§§§§ | Case No. 1:19-cv-01048-RP |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE ROBERT PITMAN
     UNITED STATES DISTRICT JUDGE

Before the Court is Defendant/Third-Party Plaintiff Aspen Contracting, Inc.'s Motion for Clerk's Entry of Default Judgment Against Juan Rodriguez a/k/a Juan Fernando Rodriquez Palos a/k/a/-d/b/a Rodriguez Roofing, Gerardo Morales d/b/a Morales Roofing and Cabreras Roofing, and AKA Craftsman & Tradesman, LLC, filed January 27, 2021 (Dkt. 53). On April 8, 2021, the District Court referred Defendant's motion to the undersigned Magistrate Judge for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

1

## I. Background

On September 27, 2019, Plaintiffs Richard and Sharon Ridings filed this suit in state court against Defendant Aspen Contracting, Inc. ("Aspen"), alleging breach of contract, breach of warranty, and negligence relating to the removal and replacement of the roof of their home in Lakeway, Texas. *Ridings v. Aspen Contracting, Inc.*, Cause No. D-1-GN-19-006766 (98th Dist. Ct., Travis County, Tex. Sept. 27, 2019). On October 25, 2019, Aspen filed a Notice of Removal based on diversity jurisdiction. Dkt. 1 at 2. Aspen then filed a motion to dismiss for failure to state a claim, which was denied. Dkts. 11, 37.

On November 5, 2020, Aspen filed its Answer to Plaintiffs' Original Petition and a Third-Party Complaint. Dkts. 38, 39. In its Third-Party Complaint, Aspen alleges that it entered into subcontractor agreements with Rodriguez, Morales, and AKA Craftsman & Tradesman (collectively, "Third-Party Defendants") to complete work on Plaintiffs' roof. Dkt. 39 ¶¶ 9, 20, 31. The subcontractor agreements contain identical indemnity clauses in which each Third-Party Defendant agreed

> to protect, defend, and hold [Aspen], its subsidiaries and their officers, agents, servants, and employees harmless from and against any and all claims, suits, proceedings, hearings, investigations, charges, demands, injunctions, costs, amounts paid in settlement and fees, including court costs and reasonable attorneys fees (collectively, the "Claims") arising out of or related to (a) any breach (or claim or threat thereof that, if true, would be a breach) of [the Subcontractor Agreement] by [the Subcontractor]; (b) any Claims initiated against [Aspen] by, or on behalf of, any personnel hired and/or contracted by [the Subcontractor]; or (c) any other third-party Claims arising out of [the Subcontractor's Services] pursuant to the [Subcontractor Agreement].

*Id.* ¶¶ 10, 24, 34. Aspen alleges that the Third-Party Defendants breached the subcontractor agreements by failing to indemnify and defend Aspen from Plaintiffs' claims and failing to perform work on Plaintiffs' roof in a good and workmanlike manner. *Id.* ¶¶ 45-47, 69-72, 104-06.

2

Aspen brings claims against the Third-Party Defendants for contractual indemnification, breach of contract, common-law indemnification, and contribution. *Id.* ¶¶ 41-133. Aspen served its Third-Party Complaint on AKA Craftsman & Tradesman on November 7, 2020 (Dkt. 44), on Morales on November 16, 2020 (Dkt. 45), and on Rodriguez on December 16, 2020 (Dkt. 46). The Third-Party Defendants have made no appearances and failed to plead, respond, or otherwise defend.

On December 29, 2020, Aspen entered into an agreement requiring it to pay $220,000 to settle claims relating to the work performed on Plaintiffs' property. Dkt. 53-1 at 5. On January 21, 2021, the clerk granted Aspen's motions for entry of default against the Third-Party Defendants. Dkts. 50, 51, 52. Aspen now seeks a default judgment on all claims and a judgment finding the Third-Party Defendants jointly and severally liable for $220,000 plus $680.80 in post-judgment interest and court costs.

## II. Legal Standard

Under Rule 55 of the Federal Rules of Civil Procedure, a default occurs when a defendant fails to plead or otherwise respond to a complaint within the time required. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). After the defendant's default has been entered by the clerk of court, the plaintiff may apply for a judgment based on the default. *Id.* Even where the defendant technically is in default, however, a party is not entitled to a default judgment as a matter of right. *Lewis v. Lynn,* 236 F.3d 766, 767 (5th Cir. 2001). There must be a sufficient basis in the pleadings for the judgment entered. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Entry of default judgment is within the court's discretion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Courts have developed a three-part test to determine whether to enter a default judgment. First, the court considers whether entry of default judgment is procedurally warranted. *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008).

Second, the court assesses the substantive merits of the plaintiff's claims to determine whether there is a sufficient basis in the pleadings for judgment. *Id.* Last, the court determines what relief, if any, the plaintiff should receive. *Id.*

### III.  Analysis

Although Aspen appears to be entitled to a default judgment, the Court finds that it would be premature to enter a default judgment against the Third-Party Defendants at this time because Plaintiffs' claims against Aspen remain pending. Dkt. 1-1. As a general rule, "when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." 10A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2690 (4th ed. 2021 update). This rule stems from *Frow v. De La Vega*, 82 U.S. 552, 554 (1872), in which the Supreme Court reasoned:

> [I]f the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike—the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.

Based on *Frow*, numerous courts have held that where there is a potential for joint liability against multiple defendants, including third-party defendants, the court should withhold entry of a final default judgment to avoid the risk of inconsistent adjudications. *See, e.g., Jay v. Wells Fargo Bank, N.A.*, 1:19-CV-503-RP, 2019 WL 6311369, at *5 (W.D. Tex. Nov. 25, 2019) (stating that, to avoid inconsistency, final judgment cannot be granted against third-party defendant until all claims have been adjudicated); *Hamilton v. EnerSafe, Inc.,* No. SA-15-CA-00965-DAE, 2018 WL 7018025, at *3 (W.D. Tex. Sept. 18, 2018) (finding that it would be improper to enter a final default judgment until judgment is obtained against answering defendants), *R. & R. adopted*, No. 5:15-CV-965-

DAE, 2018 WL 7822064 (W.D. Tex. Dec. 19, 2018); *Wieck v. Synrg. Royce LLC*, No. A-17-CV-599-LY, 2018 WL 620048, at *1 (W.D. Tex. Jan. 30, 2018) ("If the court did otherwise, it might enter judgment for the plaintiff against the defaulting defendant, only to later enter judgment *against* the plaintiff on the same claim against the other defendant."), *R. & R. adopted*, No. A-17-CV-599-LY, 2018 WL 4732083 (W.D. Tex. Aug. 17, 2018); *Levitation Arts, Inc. v. Fascinations Toys & Gifts, Inc.*, No. A-07-CA-990-SS, 2009 WL 10669490, at *4-5 (W.D. Tex. May 28, 2009) (noting that default judgment should not be entered until case has been decided as to all defendants).

Because Plaintiffs' claims against Aspen remain pending and Aspen's Third-Party Complaint seeks indemnification and damages relating to those claims, it would be inappropriate to enter a default judgment against the Third-Party Defendants at this time.

## IV. Recommendation

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **DENY WITHOUT PREJUDICE** Defendant/Third-Party Plaintiff Aspen Contracting, Inc.'s Motion for Clerk's Entry of Default Judgment Against Juan Rodriguez a/k/a Juan Fernando Rodriquez Palos a/k/a/-d/b/a Rodriguez Roofing, Gerardo Morales d/b/a Morales Roofing and Cabreras Roofing, and AKA Craftsman & Tradesman, LLC (Dkt. 53).

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Robert Pitman.

## V. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written

objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on June 23, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE